## BENTON v. VAN DYKE.

(Circuit Court, S. D. New York. March 15, 1909.)

COPYRIGHTS (§ 85*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction restraining infringement of a copyright should not be granted, where on the showing made and the facts appearing the question of infringement is in serious doubt.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 78; Dec. Dig. § 85.*]

In Equity. On motion for a preliminary injunction.
Ewing & Ewing, for complainant.
Griggs, Baldwin & Pierce, for defendant.

COXE, Circuit Judge. This is a motion for a preliminary injunction based upon a copyright. The copyrighted pamphlet in evidence is one of a series published weekly and gives information regarding the range of prices of stocks and bonds dealt in on the New York Stock Exchange and it contains other financial news. The defendant is engaged in business similar to that of the complainant and publishes a pamphlet for the information of his customers.

It is conceded on all hands that the information found in both books could be readily obtained from a great variety of sources, including any one of the daily papers published in the city of New York. Any list containing the fluctuation of prices on the Stock Exchange for a given period must inevitably bear a marked similarity to another list giving the same information.

The only direct evidence of infringement is found in the affidavit of Marie L. Doty who says that in making up the figures for "high 1906" and "low 1907" and "high and low 1908" she took part of the information from the "Financial Indicator"—the complainant's book—and "checked up" from that publication under the direction and instruction of the defendant.

This is denied by the defendant. Assuming that the complainant has a valid copyright, regarding which I express no opinion, I think the question of infringement is too much in doubt to justify the granting of a preliminary injunction. Such a writ should never issue unless the court is clearly of the opinion that the complainant will succeed at final hearing. I am not so convinced. Besides, it is not easy to perceive why the complainant needs the protection of an injunction for, as both pamphlets are issued on the same day, it is difficult to understand how the defendant can copy anything of importance from the complainant's book even if he desires to do so. It is most improbable that he will publish the complainant's news a week after it has appeared in the "Indicator."

The motion is denied.